```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
          v.                )    Cr. A. No. 04-10198-MLW
                            )
EDGAR RAMOS                 )
JOHN MEHIA                  )
```

ORDER

WOLF, D.J.                                      January 12, 2007

For the reasons stated in court on January 12, 2007, it is hereby ORDERED that:

1. Counsel shall confer and, by January 26, 2007, report whether they have reached an agreement to resolve this case with regard to either or both defendants.

2. If necessary, the parties shall, by February 23, 2007, file proposed findings of fact and conclusions of law. They may also request that the court hear additional testimony. The proposed conclusions of law shall, among other things, address the following issues:

    a. Whether reasonable articulable suspicion was needed to justify opening the doors of the van in which the defendants were sitting on May 28, 2004, or to ask or order the occupants to get out of the vehicle. See Terry v. Ohio, 392 U.S. 1, 32-33 (1968); United States v. Burton, 228 F.3d 524, 528 (4th Cir. 2000); United States v. McKoy, 428 F.3d 38, 39 (1st Cir. 2005).

    b. When defendants were taken into custody and whether there was probable cause to justify their arrest at that time.

See United States v. Trueber, 238 F.3d 79, 93 (1st Cir. 2001).

      c.   Whether under the "collective knowledge" rule it is proper to consider the knowledge of Inspector Pitts and/or the M.B.T.A. dispatcher in deciding whether reasonable articulable suspicion and/or probable cause existed.  See United States v. Meade, 110 F.3d 190, 193 (1st Cir. 1997).

      d.   The implications of the tinted windows for the Terry and/or probable cause analysis.  See United States v. Stanfield, 109 F.3d 976, 982 (4th Cir. 1997); United States v. Thomas, 363 F. Supp. 2d 84, 92 (D. Conn. 2005).

      e.   Whether the fact that the defendants were perceived to be Middle Eastern can properly be taken into account in deciding whether reasonable articulable suspicion and/or probable cause existed.  See United States v. Brigoni-Ponce, 422 U.S. 873, 885 (1975); United States v. Montero-Camargo, 208 F.3d 1122, 1133-34 (9th Cir. 2000).

      f.   The evidence that each defendant is entitled to have suppressed if his Fourth Amendment rights were violated in view of the principle that "'a court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the defendant's own constitutional rights.'" United States v. Goldsmith, 432 F. Supp. 2d 161, 168 (D. Mass. 2006) (quoting United States v. Payner, 447 U.S. 727, 731 (1980)).

      g.   Whether the statements made to the M.B.T.A. police

2

and/or to the I.C.E. agents at M.B.T.A. headquarters must be suppressed because defendants were not given the warnings required by Miranda v. Arizona, 384 U.S. 436, 479 (1966). See Pennsylvania v. Muniz, 496 U.S. 582, 600-02 (1990); United States v. Reyes, 225 F.3d 71, 76-77 (1st Cir. 2000).

    h.  Whether anything more than a defendant's statements must be suppressed if a violation of Miranda occurred. See United States v. Faulkingham, 295 F.3d 85, 91-94 (1st Cir. 2002).

    i.  Whether defendant Ramos understood and knowingly waived his rights to remain silent and to have an attorney before answering questions at the I.C.E. office. See United States v. Earle, Cr. No. 04-10065 (Nov. 2, 2005 Memorandum and Order, Amended Nov. 7, 2005).

    3.  Any replies shall be filed by March 2, 2007.


                                      /S/ MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE