```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

 UNITED STATES OF AMERICA      )
                               )
            v.                 )   CRIMINAL NO. 04-10198-MLW
                               )
 EDGAR RAMOS                   )
```

DEFENDANT EDGAR RAMOS' MOTION TO SEVER

Introduction

Defendant Edgar Ramos submits this memorandum in support of his motion to sever his trial from that of co-defendant John Mehia pursuant to Fed.R.Crim.P. 14.

At the time of his arrest, co-defendant Mehia allegedly made a guilty admission. In this statement Mr. Mehia discusses the actions of both men and, importantly, admits facts bearing on his knowledge of whether the men they transported were illegal aliens. The statute allows conviction upon proof that the defendant "knew or recklessly disregarded" the fact that their passengers were illegal aliens. To prove this element, the government is expected argue that, based on the circumstances of the journey, any reasonable person would have inferred the passengers' illegal status. Because Mr. Mehia was in the same position as Mr. Ramos as a driver of the van, admission of Mr. Mehia's statement against Mr. Ramos at a joint trial will prejudice Mr. Ramos and relieve the government from specifically proving this element of its case against Mr. Ramos.

Argument

Mr. Ramos and Mr. Mehia were the drivers of a passenger van which traveled from Texas to Massachusetts. The van was searched after arousing suspicion while parked at an MBTA station outside of Boston. At the time of the search five passengers were seated in the back seats. These five men are alleged to have been illegally in the United States. Mr. Ramos and Mr. Mehia were charged in a single-count indictment with Transport of Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The indictment charges that both men "knowing and in reckless disregard of the fact that five aliens had come to, entered and remained in the United States in violation of law, transported and moved such aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law and in furtherance of private financial gain."

In order to prove a violation of § 1324(a)(1)(A)(ii), the government must prove four elements: "(1) the alien[s] named in the indictment . . . [were] not lawfully in the United States; (2) defendant [ ] knew or recklessly disregarded that fact; (3) defendant [ ] transported the alien[s] . . .; and (4) defendant [ ]  acted willfully in furtherance of the alien[s'] illegal presence in the United States." United States v. Bueno, 2006 WL

240060 (D. Mass. 2006) quoting United States v. Guerra-Garcia, 336 F.3d 19, 23 (1st Cir. 2003).

The second element, whether the defendant knew or recklessly disregarded the fact that the person transported was an alien not lawfully in the United States, may be proven "based entirely on circumstantial evidence, including inferences from the surrounding circumstances." United States v. Guerra-Garcia, 336 F.3d 19 (1st Cir. 2003). See also Bueno, at *3 (noting that in order to prove the second element, the government intended to argue that based on the circumstances of the journey, any reasonable person would have inferred that the passengers were illegal aliens).

After his arrest Mr. Mehia made statements which are relevant to this mental state. Specifically, the discovery attributes the following statements to Mr. Mehia:

> Mr. Mehia stated that he was not sure if the passengers that he transported were legal or not. Mehia said that he did see that they had passports, but did not ask to see them. Mehia claimed that he did not ask the passengers if they were legal or if they had visas. Mehia admitted that there were some factors that raised his suspicions. Mehia explained that it would have been much safer and faster to travel by plane from Dallas to Boston. Mehia said that, although he did not know how much they were paying for the trip, he suspected that it might have been cheaper to fly. Mehia claimed that none of the passengers had any luggage. Mehia said that if the passengers had anything with them at all, it was only one change of clothes. Mehia said that he did not think that this was normal and that was another reason why he thought that the passengers might not have been legal.

In order to prove the second element of the offense, the government will argue that, based on the circumstances of the journey, any reasonable person would have inferred that the passengers were illegal aliens. Because Mr. Mehia was essentially in the same position as Mr. Ramos as a driver of the passenger van, his statements regarding the facts and circumstances of the trip which "aroused his suspicions" about whether the passengers were illegal aliens are extremely prejudicial to Mr. Ramos. Rather than argue about the hypothetical "reasonable person", the government can simply point to Mr. Mehia and argue that, if Mr. Mehia inferred that the passengers were illegal aliens, Mr. Ramos also must have. Because the element may be proven by "knowledge or reckless disregard", admission of Mr. Mehia's statements constitutes an admission of the second element of the crime not just for Mr. Mehia, but also for Mr. Ramos who shared the journey with him.

Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide whatever relief justice requires." The Rule recognizes that joinder, even when proper under Rule 8(b), may prejudice a defendant. Because the statements here are highly

prejudicial to Mr. Ramos, the defendant's case should be severed under Rule 14.

```
                                    EDGAR RAMOS
                                    By his attorney,

                                    /s/ Catherine K. Byrne

                                    Catherine K. Byrne
                                       B.B.O. #543838
                                    Federal Defender Office
                                    408 Atlantic Ave., 3rd Floor
                                    Boston, MA  02110
                                    Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

   I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 11, 2008.

```
                                    /s/ Catherine K. Byrne

                                    Catherine K. Byrne
```