UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.
                                            NO. 04-10198-MLW
EDGAR RAMOS
JOHN MEIJA

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant United States Attorney Nadine Pellegrini, hereby submits its request for jury instructions in the above captioned action. The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's requested instructions.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                           By:  /s/Nadine Pellegrini
                                Nadine Pellegrini
                                Assistant U.S. Attorney

**PROPOSED JURY INSTRUCTION NO. 1**
**COUNT ONE - TRANSPORTING ILLEGAL ALIENS**
**(8 U.S.C. § 1324 (a)(1)(A)(ii)**
**ELEMENTS OF THE CRIME**

Both Defendants, Edgar Ramos and John Meija, are charged in a one count indictment with a violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) which prohibits, among other things, the transporting of aliens who are not authorized to be present in the United States.

It is a violation of federal law to engage in such conduct. For you to find the Defendant(s) guilty of this crime, you must be convinced that the government has proven each of these things, also called the elements of a crime, beyond a reasonable doubt.

With respect to Count One, 8 U.S.C. § 1324(a)(1)(A)(ii) provides that it is a crime for:

Any person who—

knowing or in reckless disregard of the fact that an alien has come to, entered or remains in the United States in violation of law, transports, or moves or attempts to transport or move, such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law.

In order to sustain its burden of proof for the crime of illegal transportation of an alien within the United States as charged in Count One of the indictment, the government must prove the following four (4) essential elements beyond a reasonable

doubt:

   (1)  The individuals being transported were aliens who were in the United States in violation of the law;

   (2)  The Defendant(s) either knew or was in reckless disregard of the fact that, the individuals being transported were in the United States in violation of the law;

   (3)  The Defendant(s) knowingly transported and moved said individuals and

   (4)  By such transportation and movement, the Defendant(s) acted willfully in furtherance of the alien's violation of the law.

2B Fed. Jury Prac. & Instr. § 61.06 (5th ed.)

**PROPOSED JURY INSTRUCTION NO. 2**
**DEFINITION - "ALIEN"**

The term "alien," as used in these instructions, means any person who is not a citizen or national of the United States.

2B Fed. Jury Prac. & Instr. § 61.10 (5th ed.)

## PROPOSED JURY INSTRUCTION NO. 3
## DEFINITION - TRANSPORTATION

The phrase "transports" or "transported" can encompass a wide range of conduct. It includes the movement of persons from one place to another by a carrier. (Black's Law Dictionary (8th ed. 2004).). The transportation or movement must be within the United States. (United States v. Merkt, 764 F.2d 266, 270 (5th Cir.1985).

In this case, the government has alleged that the Defendant(s) transported the aliens in a vehicle from Texas to Massachusetts.

**PROPOSED JURY INSTRUCTION NO. 4**

**TRANSPORTATION IN FURTHERANCE**

To satisfy the "in furtherance" element, the government must prove the defendant(s) acted, "regardless of profit, motive or close relationship, with knowledge or with reckless disregard of the fact that the person transported is an illegal alien and that transportation or movement of the alien will help, advance, or promote the alien's illegal entry or continued illegal presence in the United States." (United States v. Barajas-Chavez, 162 F.3d 1285, 1288 (10th Cir. 1999). The intent of the Defendant(s) to further the illegal alien's violation is irrelevant; instead, the mere knowledge or reckless disregard of the fact by the Defendant(s) that the transportation will help the illegal alien remain illegally in the United States is sufficient.

**PROPOSED JURY INSTRUCTION NO. 5**
**DEFINITION - KNOWING OR IN RECKLESS DISREGARD**

The government must prove that the Defendant(s) either actually knew or recklessly disregarded the fact that the passengers involved in the transportation were illegal aliens. For convenience, the Court and counsel may sometimes refer to this element simply as the "knowledge" element.

"Knowing or in reckless disregard" means that the Defendant(s) either must have known for a fact that the passengers were illegal aliens, or the Defendant(s) must have known there was a high probability that they were, and must have consciously disregarded that high probability.

In other words, the phrase "reckless disregard," as used in these instructions, means that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment would permit the jury to infer knowledge. Stated another way, a defendant's knowledge of a particular fact may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find

any reckless disregard or deliberate closing of the eyes and the inferences to be drawn from any such evidence.

You may not infer that a defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

2B Fed. Jury Prac. & Instr. § 61.11 (5th ed.)

*See* 2B Federal Jury Practice and Instructions § 61.05 (2d ed. 2005 Supp.) (Eleventh Circuit Pattern criminal jury instruction for 8 U.S.C. § 1324(a)(1)(A)(ii) states "To act with 'reckless disregard' means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person transported was an alien who had entered or remained in the United States in violation of law.")