UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10198-MLW |
| | ) | |
| | ) | |
| EDGAR RAMOS | ) | |

DEFENDANT'S TRIAL BRIEF

Defendant, Edgar Ramos, submits this trial memorandum in response to the Court's Pretrial Order of June 25, 2008. Defendant addresses this brief to supplement and respond to the government's trial brief.

DEFENDANT'S CASE

In addition to defendant, should he choose to testify, the defense may call various law enforcement witnesses listed in the discovery.

THE CHARGE

It is the defendant's position that the government must prove that the individual transported is an alien who, at the time of transport, was present in the United States in violation of the law.  See United States v. Medina-Garcia. 918 F.2d 4 (1st Cir. 1990) (holding defendant could not be prosecuted for transportation of illegal alien when alien was not remaining in the United States illegally at the time of defendant's involvement).

<u>EVIDENTIARY AND OTHER ISSUES</u>[1]

The defendant has filed a motion to sever from co-defendant John Mehia pursuant to Fed.R.Crim.P. 14.

At the time of his arrest, co-defendant Mehia allegedly made a guilty admission.  In this statement Mr. Mehia discusses the actions of both men and, importantly, admits facts bearing on his knowledge of whether the men they transported were illegal aliens.  The statute allows conviction upon proof that the defendant "knew or recklessly disregarded" the fact that their passengers were illegal aliens.  To prove this element, the government is expected argue that, based on the circumstances of the journey, any reasonable person would have inferred the passengers' illegal status.  Because Mr. Mehia was in the same position as Mr. Ramos as a driver of the van, admission of Mr. Mehia's statement against Mr. Ramos at a joint trial will prejudice Mr. Ramos and relieve the government from specifically proving this element of its case against Mr. Ramos.

In addition, defendant has moved to exclude any evidence regarding the circumstances of the seizure and search of the white passenger van.  Specifically, Mr. Ramos has requested the exclusion of any reference to September 11, 2001, the MBTA's

---

[1] The court has not yet issued opinions on the defendant's motion to suppress the search and motion to suppress statements. Additional issues may arise as a result of the court's rulings.

-2-

high-alert status, or suspicions of terrorism.  These references to terrorism have no relevance to the crime alleged in the indictment and thus no probative value.  Furthermore, any references to terrorism are extremely prejudicial.

Finally, evidentiary issues may arise pertaining to the admissibility of the passports that were seized from the passengers.  The defendant will object to their admission as business records under the public records exception.

>                           EDGAR RAMOS
>                           By his attorney,
>
>                           /s/ Catherine K. Byrne
>
>                           Catherine K. Byrne
>                              B.B.O. #543838
>                           Federal Defender Office
>                           408 Atlantic Ave., 3rd Floor
>                           Boston, MA  02110
>                           Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Catherine K. Byrne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 12, 2008.

>                           /s/ Catherine K. Byrne
>
>                           Catherine K. Byrne